FILED

2016 Apr-28  PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID RONALD CHANDLER,** | ) | |
| | ) | |
| **Petitioner/Movant** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:16-cv-08027-VEH** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

## <u>MEMORANDUM OPINION</u>

Petitioner, David Ronald Chandler, filed a Motion for Relief from Federal Sentence Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Crim. Doc. 575[1]) on April 12, 2016.[2] On April 22, 2016, he filed a motion for appointment of counsel. (Doc. 2). He challenges the validity of his 1991 convictions and sentence in this district of a number of drug-related crimes, including operating a continuing criminal enterprise and the murder-for-hire of informant Marlin Shuler. (Crim. Doc. 115). On direct appeal, Petitioner's conviction and sentence were affirmed by the Eleventh Circuit

---

[1] References to "Crim. Doc." are to docket sheet in the corresponding criminal action in which Petitioner was convicted, <u>United States v. Chandler</u>, 1:90-cr-00266.

[2] The motion was filed in the Clerk's office on April 15, 2016, but, under the prison mailbox rule, it is deemed filed as of the date that Petitioner placed it in the prison mail. The motion is dated April 12, 2016, so that is the date the court will use.

Court of Appeals. <u>United States v. Chandler</u>, 996 F.2d 1073 (11th Cir. 1993).

Petitioner bases his motion on his assertion that he can demonstrate he is "actually innocent," "in light of the only eyewitness['s] recantation before he died of the involvement of [Petitioner] in the murder of Marlin Shuler...." (Doc. 1 at 3). Petitioner identifies that "only eyewitness" as Charles Ray Jarrell, Sr. (Doc. 1, *passim*).

## I

Because Petitioner is contesting the legality of his sentence, his claim falls within the parameters of 28 U.S.C. § 2255. However, Petitioner, who is proceeding *pro se*, implicitly contends that he qualifies for the savings clause of that statute, which provides that a writ of habeas corpus under § 2241 may be brought if the remedy available by a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This escape hatch is satisfied if a petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." <u>Harrison v. Ollison</u>, 519 F.3d 952, 959 (9th Cir.2008) (quoting <u>Stephens v. Herrera</u>, 464 F.3d 895, 898 (9th Cir.2006)). Petitioner does not satisfy either requirement.

Although Petitioner arguably[3] asserts he is actually innocent of one of the crimes he was convicted of — paying Charles Ray Jarrell, Sr. to kill Marlin Shuler — he does not even assert that he has not had an "unobstructed procedural shot at presenting that claim." A prisoner's "procedural shot" is "obstructed" only if, under binding authority in effect at the time of the conviction, conduct is a crime and, later, the Supreme Court holds that conduct is not a crime in a holding made retroactively applicable to cases not on direct appeal.[4]

The burden of showing that the remedy is inadequate or ineffective lies with Petitioner and requires more than a showing merely that relief under § 2255 has previously been denied. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[5] The Eleventh Circuit Court of Appeals has stated plainly that the savings clause applies only where: "(1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the

_____

[3] Petitioner merely asserts that, due to the post-trial recantation of the actual murderer, Charles Ray Jarrell, Sr., who testified at trial that Petitioner hired him to murder Shuler, of that testimony, no rational jury could have found Petitioner guilty beyond a reasonable doubt of that count.

[4] Further, Petitioner presented this very claim in his first § 2255 petition, which was denied after an evidentiary hearing, and which denial was affirmed by the Eleventh Circuit Court of Appeals.

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

prisoner was convicted of a 'nonexistent offense' and (3) 'circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion.'" Campbell v. Yates, 196 Fed. Appx. 744, 2006 WL 2012334, *1 (11th Cir. 2006) (quoting Wofford v. Scott, 177 F.3d 1236 at 1244) (overturned on other grounds by Gilbert v. United States, 640 F.3d 1293, 1319 (11th Cir. 2011)).

The mere fact that a § 2255 motion is procedurally barred by the statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective. See Wofford v. Scott, 177 F.3d at 1245 (Cox, J., concurring specially) ("I also agree that the remedy by motion under § 2255 is not rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion."); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (bars on successive motions and statute of limitations do not render § 2255 motion inadequate or ineffective); Charles v. Chandler, 180 F.3d 753, 756-58 (6th Cir. 1999) (statute of limitations bar does not make § 2255 inadequate or ineffective).

Petitioner does not even attempt to argue that his claim is based on any retroactively applicable Supreme Court decision. Accordingly, he has failed to carry his burden to show that his motion should be analyzed under § 2241. Accordingly,

4

his motion is properly analyzed under § 2255.

## II

This is Petitioner's third motion under § 2255. "The bar on second or successive motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013) (Pryor, J., concurring in denial of rehearing en banc). "Whether a petition is second or successive depends on 'the judgment challenged.'" *Patterson v. Sec'y, Florida Dep't of Corr.*, 812 F.3d 885, 898 (11th Cir. 2016) (Pryor, J., dissenting) (quoting *Insignaries v. Sec'y, Fla. Dept. of Corrections*, 812 F.3d 885, 898 (11th Cir. 2014)). Petitioner's motion is "second or successive" because it challenges the same judgment as his previous two motions. Accordingly, he cannot proceed in this court unless he first receives permission to do so from the United States Court of Appeals for the Eleventh Circuit. Finding no such permission, the motion is due to be **DENIED** for want of jurisdiction.[6]

## III

A prisoner seeking to vacate his judgment has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may

---

[6] In light of this denial, Chandler's motion for the appointment of counsel (Doc. 2) is termed as **MOOT**.

issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal *habeas* petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant motion is clearly a successive section 2255 motion, Petitioner cannot make the requisite showing. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** this 28th day of April, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge